UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK A. CANNAVAN,<br>Plaintiff,<br>v.<br>GAVIN NEWSOM, et al.,<br>Defendants. | Case No.: 1:26-cv-06389-EGC (PC)<br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS DUPLICATIVE**<br>14-Day Objection Period<br>Clerk of the Court to Assign District Judge |

Plaintiff Patrick A. Cannavan is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

Plaintiff initiated this action by filing a complaint on August 11, 2026. (Doc. 1.) A review of the complaint reveals it to be duplicative of an earlier filed action.

## I. DISCUSSION

On July 20, 2026, Plaintiff filed *Cannavan v. Newsom, et al*., Case No. 1:26-cv-05670-FJS (PC) ("*Cannavan I*").[1]

In the *Cannavan I* complaint, Plaintiff names as defendants: (1) Governor Gavin Newsom; (2) California Department of Corrections and Rehabilitation ("CDCR") Division of Adult Services; (3) Secretary of CDCR Jeff Macomber; and (4) Correctional Officer A. Lamas.

[1] *Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967) ("[A] federal district court can take judicial notice of its own records, and this is the established rule").

Defendant Lamas is sued in their individual capacity, and all other defendants are sued in their official capacities.

That complaint appears largely identical and related to the complaint in the instant action, except Plaintiff has dropped CDCR, Secretary Macomber, and Correctional Officer Lamas and added Correctional Captain C. Frazier, Correctional Lieutenant F. Brisena, Correctional Officers A. Castillo and N. Navarro, and Correctional Counselor T. Ortiz as defendants. Plaintiff again brings claims pursuant to a combination of constitutional amendments, federal laws, and miscellaneous legal cases and theories.[2] The only specific factual allegations appear to be related to the July 16, 2026, incident alleged in *Cannavan I.* In that action, Plaintiff alleges that Lamas removed the wheelchair leg supports from Plaintiff's wheelchair, causing Plaintiff's feet to be caught in the wheels, flipping the wheelchair, ejecting Plaintiff, and sending him to the emergency room for treatment of his injuries. Additionally, Plaintiff seeks similar relief. *Cf.* Doc. 1 at 5 ("on 07-16-2026 @06:30 a.m to @ 14:10:00 p.m. G' yd." & "Compensatory, Emergency Injunctive relief. Declaratory relief. Implementation of legal training to create gainful employment fund $936,000.00 …") with the complaint filed in *Cannavan I* (1:26-cv-05670, Doc. 1 at 5).

Notably, this action also appears duplicative of another action filed by Plaintiff and assigned to the undersigned, to wit: *Cannavan v. Newsom*, No. 1:26-cv-06152-EGC (PC). In that case, Plaintiff re-filed a complaint naming Governor Newsom, CDCR, Secretary Macomber, and C. Frazier and A. Castillo, and asserts claims related to the July 16, 2026 incident involving his wheelchair. *See* 1:26-6152 Docket, Doc. 10.[3]

**A. Applicable Legal Standards**

Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). A complaint that merely repeats pending or

[2] Plaintiff's factual allegations and claims are difficult to decipher.

[3] Findings and Recommendations to dismiss that action have been prepared and additionally identify yet another action filed in this Court, assigned to another magistrate judge, as duplicative of that action and *Cannavan I.*

previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*, 70 F.3d at 1105 n.2. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. Cal. Dep't of Health Servs*., 487 F.3d 684, 692-93 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* at 688 (internal quotations and citations omitted). That plaintiff was denied leave to amend does not give plaintiff the right to file a second, duplicative lawsuit. If the causes of action and relief sought are the same and involve the same parties or their privies, the duplicative lawsuit may be dismissed with prejudice. *Adams*, 487 F.3d at 688.

**B. Analysis**

The allegations in the complaint in *Cannavan I* appear to include identical and/or related allegations in the complaint filed in this action. Both cases name Governor Gavin Newsom; they differ in that Plaintiff has added F. Brisena, A. Castillo, C. Frazier, N. Navarro, and T. Ortiz as defendants, omitting Correctional Officer Lamas. In both cases, Plaintiff appears to base his claims on the July 16, 2026, incident[4] wherein Lamas removed the wheelchair leg supports from Plaintiff's wheelchair, leading to Plaintiff's feet getting caught in the wheels of his wheelchair and his subsequent injuries.

Although Plaintiff names Defendants Brisena, Castillo, Frazier, Navarro and Ortiz, rather than Correctional Officer Lamas, in the instant action, Plaintiff appears to build upon his earlier claim or claims by asserting facts related to retaliatory staff conduct following the July 16, 2026, incident. (*See* Doc. 1.) To the extent Plaintiff believes he may state claims against these individuals related to the July 16, 2026, wheelchair incident, Plaintiff should raise those claims in

[4] Plaintiff alleges collusion "in tampering with ADA-RAP protected wheelchair, as a subsequent result Plaintiff as hospitalized …." (Doc. 1 at 3.)

his existing case, rather than attempting to bring a separate action.[5] *Adams*, 487 F.3d at 688; *see also, e.g.*, *Ebrahimi v. Fields*, No. 3:23-cv-01090-G-BT, 2024 WL 234407, at *2 (N.D. Tex. Jan. 5, 2024) (recommending dismissal as duplicative of three other actions, noting plaintiff "asserts that his claims are 'generally rooted in civil rights violations such as denial of equal protection and due process, but also include RICO violations,'" "center around [his] belief that he has been subjected to trafficking, torture, and other illicit acts for decades," note "the list of 'actionable events' in the pending Complaint is nearly identical to his other complaints" and that "there is substantial overlap between the defendants listed in each complaint"), *report and recommendation adopted*, 2024 WL 235190 (N.D. Tex. Jan. 21, 2024). Further, as noted above, the instant complaint appears duplicative of another action filed in this Court, and subsequent to *Cannavan I*, assigned to the undersigned: *Cannavan v. Newsom*, No. 1:26-cv-06152-EGC (PC).

Based on this review, the undersigned finds it appropriate to recommend dismissal of this action as duplicative of *Cannavan I.*

## II. CONCLUSION AND RECOMMENDATION

For the reasons stated above, the undersigned **HEREBY RECOMMENDS** that this action be dismissed as duplicative of an earlier filed action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are

---

[5] To date, Plaintiff has filed 38 cases in this Court. The Court notes that a significant number of those actions have been dismissed as duplicative. *See, e.g.*, case numbers 1:26-cv-5903-JLT-SAB, 1:26-cv-6027-JLT-CDB, 1:26-cv-6034-KES-EPG, 1:26-cv-6035-KES-FJS, 1:26-cv-6038-JLT-SAB, 1:26-cv-6042-KES-SAB, 1:26-cv-6044-JLT-SAB, 1:26-cv-6046-KES-EPG, 1:26-cv-6048-KES-FJS, and 1:26-cv-6051-KES-FJS. At least two of the open cases have pending Findings and Recommendations to dismiss the action as duplicative: 1:26-cv-6027-CDB and 1:26-cv-6049-CDB.

advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 10, 2026**

Erin Sung Castillo
UNITED STATES MAGISTRATE JUDGE